UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ANTHONY DON SHEPHERD,                 )
                                      )
            Plaintiff,                )
                                      )
v.                                    )     Case No. 15-CV-0698-CVE-JFJ
                                      )
MIKE BOLT, Warden,[1]                 )
                                      )
            Defendant.                )

# OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Respondent filed a response (Dkt. # 13) and provided the state court record (Dkt. # 14). Petitioner did not file a reply. For the reasons discussed below, the Court denies the petition for writ of habeas corpus.[2]

## *BACKGROUND*

In March 2012, Petitioner was the driver and sole occupant of a 2000 Dodge Durango. Petitioner failed to yield at an intersection south of Skiatook, Oklahoma and nearly hit a vehicle being driven by Sergeant Michael Fish, of the Osage Nation Police Department. Sergeant Fish

---

[1]   Petitioner is currently in custody at John H. Lilley Correctional Center (JLCC). See Dkt. # 20. Accordingly, the proper party respondent in this matter is Mike Bolt, Warden at JLCC. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Therefore, Mike Bolt is substituted in place of Joe Allbaugh, Interim Director, as party respondent. The Clerk of Court shall note the substitution on the record.

[2]   Petitioner twice moved for an evidentiary hearing. See Dkt. ## 3, 17. The Court denied both motions but reserved final determination on Petitioner's requests for a hearing pending review of the petition, response, and any reply. See Dkt. ## 17, 18. Having reviewed the parties' pleadings and the state-court record, the Court finds that Petitioner is not entitled to an evidentiary hearing. See 28 U.S.C. § 2254(e)(2); Rule 8(a) Rules Governing Section 2254 Cases in the United States District Courts.

initiated a traffic stop. Sergeant Fish ultimately arrested Petitioner on an outstanding arrest warrant. Based on the arrest, Sergeant Fish decided to tow the Durango. Petitioner told Sergeant Fish that he was in the process of purchasing the Durango but that he did not yet own it. Before towing the vehicle, Sergeant Fish performed an inventory search. Deputy Kevin Burke, of the Osage County Sheriff's Department, arrived on scene after Petitioner's arrest but before Sergeant Fish began the inventory search.

On the passenger side floorboard, Sergeant Fish found a document case containing an envelope addressed to Anthony Shepherd and a pink pencil case that held two syringes. One syringe was empty; the other was filled with a liquid that field-tested positive for methamphetamine. Sergeant Fish also found items associated with drug use, including spoons burned on the underneath side, hemostatic clips with burned ends used to smoke marijuana cigarettes, and red straws with a white powdery residue. Additionally, inside a plastic gasoline can, Sergeant Fish and Deputy Burke found plastic tubing, coffee filters with pink residue, aluminum foil, Heet packages, small plastic baggies, and a plastic sack containing an empty pill bottle, two razor blades, and a receipt reflecting the recent purchase of two cans of carburetor cleaner. Sergeant Fish also found two cans of carburetor cleaner in the Durango near an empty plastic two-liter bottle.

The State charged Petitioner with three drug offenses: Count 1, endeavoring to manufacture methamphetamine in violation of OKLA. STAT. tit. 63, § 2-408; Count 2, possession of a controlled dangerous substance (methamphetamine) in violation of OKLA. STAT. tit. 63, § 2-402; and Count 3, unlawful possession of drug paraphernalia in violation of OKLA. STAT. tit. 63, § 2-405. See Dkt. # 14-5 at 3. The State later filed a supplemental information alleging that Petitioner had 10 prior

felony convictions; six of those convictions were for drug offenses. See Dkt. # 14-5 at 7-8. Petitioner was tried by a jury in a two-stage trial (guilt phase and sentencing phase).

During the guilt phase, Sergeant Fish and Deputy Burke testified regarding the circumstances of the traffic stop and the items recovered during the search of the Durango. Deputy Burke testified that he was certified as a clandestine methamphetamine lab officer and that the items found inside the plastic gasoline can, the two cans of carburetor cleaner, and the plastic two-liter bottle were consistent with items used to manufacture methamphetamine. Anthony Goldman, a crime analyst with the Oklahoma State Bureau of Investigation (OSBI), testified that he analyzed the residue on the coffee filters and the contents of the liquid-filled syringe found in the Durango. Goldman confirmed that the syringe contained methamphetamine and testified that the coffee filters contained residue from either ephedrine or pseudoephedrine, both of which are precursor substances for manufacturing methamphetamine.

Petitioner did not testify during the guilt phase, but he called one defense witness: Jacqueline Griesbaum. Griesbaum testified that she had known Petitioner for five years and that Petitioner and his girlfriend, Lisa Beauvais, lived with Griesbaum and her husband from February 2010 until sometime in 2011. Griesbaum had no knowledge of Petitioner using or attempting to manufacture methamphetamine in her home during that time period. But Griesbaum testified that she and her husband threw Beauvais out of their house after Griesbaum's husband found Beauvais attempting to manufacture methamphetamine. Griesbaum also testified that Beauvais took some of the Griesbaums' property when she left, including the plastic gas can found in the Durango. The jury acquitted Petitioner of endeavoring to manufacture methamphetamine (Count 1), but convicted him

of possessing the methamphetamine in the syringe (Count 2) and possessing drug paraphernalia, i.e., the empty syringe (Count 3).

During the sentencing phase of Petitioner's trial, the State introduced evidence of Petitioner's 10 prior felony convictions. Petitioner testified on his own behalf, effectively urging the jury to consider his need for drug treatment in determining his sentence. The state district court instructed the jury that because Petitioner committed the offenses of conviction after two former convictions for felony drug offenses, the permissible sentencing range for Count 2 was 6 years to life imprisonment. See Dkt. # 13-13 at 13 (Instr. No. 25); see also OKLA. STAT. tit. 21, § 51.1(C) (providing enhanced punishment for certain repeat offenders). Consistent with the jury's sentencing recommendations, the trial court imposed a 21-year prison sentence for Count 2 and a 1-year jail sentence for Count 3.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). He raised only one proposition of error: the evidence was insufficient to sustain his convictions (Dkt. # 13-2 at 7). On July 1, 2014, in an unpublished summary opinion, the OCCA rejected Petitioner's sufficiency challenge and affirmed the Judgment and Sentence of the trial court (Dkt. # 13-4).

Proceeding pro se, Petitioner then sought post-conviction relief in state district court, asserting that (1) appellate counsel was ineffective for failing to investigate and raise "stronger" issues on direct appeal, (2) the prosecution prejudiced his defense by failing to provide discovery until 3 or 4 days before trial, (3) trial counsel was ineffective for refusing to allow Petitioner to testify, and (4) trial counsel was ineffective for failing to object to an erroneous jury instruction on the range of punishment. See Dkt. # 13-5 at 2, 6-9. On February 12, 2015, the state district court

4

denied relief. See Dkt. # 13-9 at 3, 7. Petitioner appealed from the denial of his application for post-conviction relief, and the OCCA affirmed (Dkt. # 13-10).

Petitioner filed the instant petition for writ of habeas corpus and a supporting brief on December 9, 2015 (Dkt. ## 1, 2).

*ANALYSIS*

Petitioner asserts that he is entitled to federal habeas relief on five grounds: (1) appellate counsel deprived him of his Sixth Amendment right to effective assistance of counsel by failing to raise three issues on appeal, (2) the prosecution deprived him of his Fifth Amendment right to due process, as interpreted in Brady v. Maryland, 373 U.S. 83 (1963), by failing to timely provide discovery, (3) trial counsel deprived him of his Sixth Amendment right to effective assistance of counsel by refusing to allow him to testify at trial, (4) trial counsel deprived him of his Sixth Amendment right to effective assistance of counsel by failing to object to an erroneous jury instruction, and (5) the state deprived him of his Fourteenth Amendment right to due process by failing to prove his guilt beyond a reasonable doubt. See Dkt. # 2 at 4, 9, 11, 16, 19.

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs federal habeas review of constitutional claims brought by state prisoners. See 28 U.S.C. § 2254. Respondent concedes, and the Court finds, that Petitioner (1) timely filed his habeas petition, see id. § 2244(d), and (2) exhausted available state remedies as to all five claims, see id. § 2254(b)(1)(A). See Dkt. # 13 at 2. Because the OCCA adjudicated each of Petitioner's claims on the merits, the Court may grant habeas relief only if Petitioner demonstrates that the OCCA's adjudication of those claims

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the

5

facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In applying § 2254(d)'s "highly deferential standard," the Court must give the OCCA's decision the "benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

**1. Ineffective assistance of appellate counsel**

Petitioner first contends that he was deprived of his Sixth Amendment right to effective assistance of appellate counsel. In support, Petitioner argues that appellate counsel performed deficiently by failing to raise on direct appeal the issues that Petitioner raises in Grounds 2, 3, and 4 of his federal habeas petition—i.e., that the prosecutor committed a discovery violation, that trial counsel was ineffective for refusing to allow Petitioner to testify at trial, and that trial counsel was ineffective for failing to challenge a jury instruction. See Dkt. # 2 at 4-9.[3] Petitioner further argues that he was prejudiced by appellate counsel's deficient performance because the OCCA would have reversed his convictions and granted him a new trial had appellate counsel raised these "stronger" issues on direct appeal. See id. at 5, 7.

The OCCA adjudicated Petitioner's claim of ineffective assistance of appellate counsel when it affirmed the state district court's denial of his application for post-conviction relief. In doing so, the OCCA correctly identified the two-prong test announced in Strickland v. Washington, 466 U.S. 668 (1984), as the clearly established federal law for evaluating Petitioner's claim. See Dkt. # 13-10 at 4; see also Smith v. Robbins, 528 U.S. 259, 285 (2000) (stating that Strickland test is proper

---

3   Petitioner asserts Grounds 2, 3, and 4 to support both his ineffective-assistance-of-appellate-counsel claim and as independent substantive grounds for habeas relief. See Dkt. #2 at 5, 9, 11, 16.

standard for evaluating ineffective-assistance-of-appellate-counsel claims). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. 466 U.S. at 687. More specifically, to prevail on an ineffective-assistance-of-appellate-counsel claim, a defendant "must show an 'objectively unreasonable' decision by the appellate counsel as well as a 'reasonable probability that the omitted claim would have resulted in relief.'" Smith v. Workman, 550 F.3d 1258, 1268 (10th Cir. 2008) (quoting Neill v. Gibson, 278 F.3d 1044, 1057 & n.5 (10th Cir. 2001)).

Applying Strickland, the OCCA determined that Petitioner failed to establish either deficient performance or prejudice. Dkt. # 13-10 at 4-5. The OCCA initially noted that the state district court, in denying relief, addressed the merits of each alleged trial error that Petitioner asserted appellate counsel should have raised on direct appeal. See Dkt. # 13-10 at 2-4; see Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999) (noting that when defendant alleges that appellate counsel rendered ineffective assistance by failing to raise issue on direct appeal, court must examine merits of omitted issue). And the OCCA found that the record supported the state district court's findings that Petitioner "was not entitled to relief either because the record showed that the error[s] did not occur, or that [Petitioner] failed to provide a factual basis to support the claim of ineffective assistance of appellate counsel." See id. at 3-4. Regarding prejudice, the OCCA determined that there was no reasonable probability of a different outcome on appeal because "[Petitioner's] claims as presented in [his] application for post-conviction relief are not supported by the appeal record filed in this matter." Id. at 5.

Petitioner acknowledges that the OCCA applied Strickland, but he argues that the OCCA did so unreasonably. See Dkt. # 2 at 8 (asserting that "the OCCA errored [sic] in an 'objectively

7

unreasonable manner" when it rejected his ineffective-assistance-of-appellate-counsel claim). When a state court applies the correct federal law to deny relief, the sole question for a federal habeas court is whether the state court applied the federal law "in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002); see also Harrington v. Richter, 562 U.S. 86, 101 (2011) ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."). Thus, to obtain habeas relief on his claim of ineffective assistance of appellate counsel, Petitioner must demonstrate that the OCCA unreasonably applied Strickland to the facts of his case. An unreasonable application by the state court is "not merely wrong; even 'clear error' will not suffice." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). Rather, Petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

Standing alone, the Strickland standard is "highly deferential." Knowles v. Mirzayance, 556 U.S. 111, 124 (2009). And, under § 2254(d)(1), this Court's review of whether the OCCA unreasonably applied Strickland is "doubly deferential." Id. at 123; see also Pinholster, 536 U.S. at 190 (noting that federal habeas court must take a "highly deferential" look at counsel's performance under Strickland and through "deferential lens of § 2254(d)" (quoting Mirzayance, 556 U.S. at 123 n.2, 124)). Keeping these standards in mind, the Court considers the reasonableness of the OCCA's application of Strickland by examining the merits of the three issues that Petitioner claims appellate counsel erroneously omitted from his direct appeal. See Hawkins, 185 F.3d at 1152.

First, Petitioner contends that appellate counsel should have argued that the prosecutor committed a discovery violation by failing to provide discovery materials until 3 to 4 days before trial, thus precluding Petitioner from obtaining independent testing on evidence found in the Durango. See Dkt. # 2 at 5, 9-11. Petitioner relies heavily on Oklahoma law to support the alleged discovery violation, but he also suggests (albeit, in conclusory fashion) that the prosecutor's actions violated his right to due process as interpreted in Brady v. Maryland, 373 U.S. 83 (1963). Dkt. # 2 at 9-10.[4]

Even liberally construing Petitioner's pro se argument as asserting a due process violation rather than a violation of state law, the Court agrees with Respondent that there is no factual support in the state record for Petitioner's assertion that the prosecutor withheld discovery materials until a few days before trial. See Dkt. # 13 at 12 (citing relevant portions of state record regarding discovery). Thus, the OCCA did not unreasonably apply Strickland when it determined that Petitioner failed to demonstrate either deficient performance or prejudice based on appellate counsel's omission of this issue. See 28 U.S.C. § 2254(d)(1); Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) (noting that appellate counsel does not perform deficiently by omitting meritless issue).

---

[4] To the extent Petitioner's argument rests on the prosecutor's alleged violation of state law regarding the duty to timely disclose evidence, any such violation would not warrant federal habeas relief. Federal habeas review is limited to determining whether Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (emphasizing that "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions").

Next, Petitioner argues that appellate counsel should have argued that trial counsel was ineffective for refusing to allow Petitioner to testify at trial. See Dkt. # 2 at 5, 11-16. Petitioner asserts that he told his trial counsel, both before and during trial, that he wanted to testify that he was innocent of the crimes charged. Petitioner further asserts that "counsel told him that [counsel] did NOT want him to testify because of his past felony convictions & drug history" and that "at trial, Petitioner again expressed his desire to testify to his defense counsel but counsel then told him a flat out 'NO.'" Dkt. # 2 at 12.

The OCCA properly analyzed this issue as an alleged ineffective assistance of trial counsel claim. See Cannon v. Mullin, 383 F.3d 1152, 1170 (10th Cir. 2004) (analyzing defendant's allegation that defense counsel violated his right to testify as ineffective-assistance-of-counsel claim). In Cannon, the Tenth Circuit explained that

> [a] criminal defendant has a constitutional right to testify in his own behalf at trial. The decision whether to testify lies squarely with the defendant; it is not counsel's decision. Defense counsel should inform the defendant that he has the right to testify and that the decision whether to testify belongs solely to him. Counsel should also discuss with the defendant the strategic implications of choosing whether to testify, and should make a recommendation to the defendant. Yet counsel lacks authority to prevent a defendant from testifying in his own defense, even when doing so is suicidal trial strategy.

Id. at 1171 (internal citations omitted).

In addressing whether trial counsel deprived Petitioner of his right to testify, the OCCA adopted the state district court's finding "that because Petitioner's trial was bifurcated, it was apparent that [Petitioner] had opted not to testify at trial, or the trial would have been a single stage proceeding." Dkt. # 13-10 at 3. Respondent contends that the facts in the state record support this finding. See Dkt. # 13 at 14. The Court agrees that the record demonstrates that the trial was bifurcated and that Petitioner did not testify in the guilt phase. That said, as Respondent notes, the

state district court's colloquy with Petitioner regarding his right to testify and his decision to proceed with a two-stage trial is not in the record. Thus, regardless of whether the state district court correctly found that it necessarily "had to inquire of the Defendant if he was going to testify," Dkt. # 13-7 at 3, and the OCCA correctly determined based on the bifurcated trial that Petitioner chose not to testify during the guilt phase, the Court is left to speculate as to why Petitioner made that choice and whether Petitioner expressed to the trial court that he understood that choice was his alone to make.

As in Cannon, "if [Petitioner's] affidavit is true, then counsel deprived him of the constitutional right to testify in his own defense," and Petitioner's underlying claim of ineffective assistance of trial counsel would satisfy Strickland's first prong. 383 F.3d at 1171. Nevertheless, even accepting Petitioner's statements in his affidavit as true, the Court agrees with Respondent's alternative argument that Petitioner fails to establish prejudice. To do so, Petitioner must demonstrate "a reasonable probability that [his] testimony would have raised in a juror's mind a reasonable doubt concerning his guilt." Id. Petitioner contends that trial counsel's refusal to allow him to testify prejudiced him because it deprived him of the opportunity to tell the jury that

> (1) the SUV he was driving did NOT belong to him, but to a friend named Carol Hold from Skiatook, OK; (2) [t]hat, he was only driving the SUV while helping a different friend named Lisa Beauvau move from the residence of Carol Holt to storage; (3) [t]hat, none of the items found in the SUV that Petitioner was charged with illegally possessing was his; (4) [t]hat Petitioner did have the intentions of buying the SUV in the future but hadn't done so yet; (5) [t]hat, the letter addressed to 'Anthony Shepherd' found in the document bag was actually meant for Petitioner's son, who had the same name, that Petitioner thought was corresponding with Carol Holt while he was in prison; (6) [t]hat, Petitioner was NOT making meth nor was he possessing meth nor was he doing meth at the time of these alleged crimes, but instead had been 'clean' and off drugs since around 2010 when he was arrested for drug-related cases in Osage County & McIntosh County; [and] [t]hat, Petitioner is 100% innocent of the charges against him in this case, despite his lengthy felonious past.

11

Dkt. # 2 at 12 (citing Petitioner's Sworn Affidavit).[5]

However, as Respondent argues, "virtually all of Petitioner's proposed testimony was shown to be false by the testimony of the State's witnesses or was entirely consistent with the State's version of the facts," Dkt. # 13 at 16, and therefore cumulative. Moreover, as Respondent points out, had Petitioner chosen to testify that he was "100% innocent," he would have been subject to cross-examination as to his 10 prior convictions, six of which involved felony drug offenses. Accordingly, while the Court disagrees with Respondent that this issue is "completely meritless," Dkt. # 13 at 18, the Court finds that the OCCA did not unreasonably apply Strickland in determining that appellate counsel was not ineffective for omitting this issue. See Strickland, 466 U.S. at 687 (noting that defendant must show both deficient performance and prejudice to establish ineffective assistance of counsel).[6]

Finally, Petitioner argues that appellate counsel should have argued that trial counsel was ineffective for failing to object to an erroneous jury instruction on the permissible sentencing range for Count 2. See Dkt. #2 at 5, 16-19. The Court finds no factual support for this issue. As the OCCA determined, the record demonstrates that the trial court instructed the jury that the permissible

---

[5] As Respondent notes, Petitioner did not provide a sworn affidavit with his habeas petition or his supporting brief. See Dkt. 13 at 13 n.2. Petitioner instead appears to refer to the document he attached to his state application for post-conviction relief. See Dkt. 13-5 at 12 (Petitioner's sworn affidavit signed September 12, 2014).

[6] With respect to Ground 3, Petitioner asserts that "[n]either the [state] district court nor the [OCCA] made a ruling on whether Petitioner was deprived of his right to testify on his own behalf by trial counsel." Dkt. # 2 at 15. Assuming without deciding that the OCCA's failure to make such a ruling would permit the Court to review de novo—rather than through § 2254's deferential lens—Petitioner's substantive claim that trial counsel deprived him of his right to testify, the Court finds that Petitioner still fails to establish prejudice under Strickland for the reasons just discussed.

12

sentencing range for Count 2 was 6 years to life imprisonment. See Dkt. # 13-13 at 13 (Instr. No. 25). Because Petitioner had 10 prior felony convictions, six of which were for drug offenses, this instruction was consistent with state law. See OKLA. STAT. tit. 21, § 51.1(C) (providing enhanced punishment for certain repeat offenders). Therefore, Petitioner fails to show that trial counsel was deficient for failing to object to this instruction. See Sperry v. McKune, 445 F.3d 1268, 1275 (10th Cir. 2006) (finding that counsel was not ineffective for failing to assert meritless argument at trial). In turn, Petitioner fails to show that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to object to this instruction. See Miller v. Mullin, 354 F.3d 1288, 1298 (10th Cir. 2004) (noting that appellate counsel's omission of "meritless" issue "will not constitute deficient performance" (quoting Cargle, 317 F.3d at 1202. Consequently, the OCCA did not unreasonably apply Strickland when it determined that appellate counsel was not ineffective for omitting this issue.

In sum, the OCCA did not unreasonably apply Strickland when it rejected Petitioner's ineffective-assistance-of-appellate-counsel claim. See 28 U.S.C. § 2254(d). Thus, the Court denies habeas relief on Ground 1. For the same reasons, the Court denies habeas relief on Grounds 2, 3, and 4.

**2. Sufficiency of the evidence**

In Ground 5, Petitioner argues that the State violated his Fourteenth Amendment right to due process by failing to present sufficient evidence to sustain his convictions. See Dkt. # 2 at 19. He specifically argues that the State failed to prove beyond a reasonable doubt that he constructively possessed the liquid-filled and empty syringes found in the Durango. Id. at 20-24.

13

The OCCA rejected Petitioner's sufficiency-of-the-evidence claim on direct appeal. In doing so, the OCCA correctly identified <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979), as the clearly established law governing its review. <u>See</u> Dkt. # 13-4 at 2; <u>see</u> <u>also</u> <u>Johnson v. Mullin</u>, 505 F.3d 1128, 1134 (10th Cir. 2007) (identifying <u>Jackson</u> as constitutional standard for reviewing state habeas petitioner's sufficiency-of-the-evidence claim). Under <u>Jackson</u>, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319. Applying <u>Jackson</u>, the OCCA concluded that the evidence was sufficient to sustain Petitioner's convictions. <u>See</u> Dkt. # 13-4 at 2.

Petitioner acknowledges that the OCCA applied <u>Jackson</u>, but he argues the OCCA did so unreasonably because "there is NO EVIDENCE to link or connect Petitioner with the contraband found . . . [or] to SUSTAIN the finding of guilt against Petitioner." Dkt. # 2 at 24. To support this argument, Petitioner discusses the evidence at some length. <u>See</u> Dkt. # 2 at 20-24.

But to obtain habeas relief, Petitioner must do more than discuss the evidence and argue that the OCCA's decision was "wrong." <u>Woodall</u>, 134 S. Ct. at 1702. Petitioner must instead demonstrate that the OCCA applied <u>Jackson</u> "in an objectively unreasonable manner," <u>Cone</u>, 535 U.S. at 699. And, like <u>Strickland</u> claims, "<u>Jackson</u> claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." <u>Coleman v. Johnson</u>, 566 U.S. 650, 132 S. Ct. 2060, 2062 (2012) (<u>per</u> <u>curiam</u>). In <u>Johnson</u>, the Supreme Court explained those two layers:

14

> First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'"

132 S. Ct. at 2062 (internal citations omitted) (quoting Cavazos v. Smith, 565 U.S. 1, 2 (2011)). In applying the Jackson standard on federal habeas review, the Court looks to state law to determine the substantive elements of the crime. Johnson, 132 S. Ct. at 2064. "[B]ut the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." Id.

Here, with respect to Count 2, the State had to prove beyond a reasonable doubt that Petitioner knowingly and intentionally possessed methamphetamine. See OKLA. STAT. tit. 63, § 2-402. With respect to Count 3, the State had to prove beyond a reasonable doubt that Petitioner knowingly or intentionally possessed drug paraphernalia to ingest, inhale, or introduce methamphetamine into the human body. See OKLA. STAT. tit. 63, § 2-405. Under Oklahoma law, "possession may be either actual or constructive, and need not be exclusive, 'as long as there is proof that the defendant knowingly and willfully shared the right to control the dangerous substance.'" White v. State, 900 P.2d 982, 986 (Okla. Crim. App. 1995) (quoting Howard v. State, 815 P.2d 679, 683 (Okla. Crim. App. 1991)). "Constructive possession can be established through circumstantial evidence proving a defendant knows of the presence of the drugs . . . and has the power and intent to control their disposition or use." Hill v. State, 898 P.2d 155, 166 (Okla. Crim. App. 1995). Likewise, proof of the defendant's knowledge and intent may be established through circumstantial evidence. Id.

Viewed in the light most favorable to the prosecution, the evidence presented at trial shows that Petitioner was the driver and sole occupant of the Durango; Sergeant Fish found two syringes, one filled with methamphetamine and one empty, inside a document case on the passenger side floorboard of Durango; that the document case contained an envelope addressed to Anthony Shepherd; that Sergeant Fish found several other items relating to illegal drug activity inside the Durango; and that Petitioner told Sergeant Fish that he did not own the Durango but that he was in the process of making payments on it. On these facts, a rational jury could infer from circumstantial evidence that Petitioner constructively possessed both syringes and, therefore, could conclude beyond a reasonable doubt that Petitioner possessed methamphetamine and drug paraphernalia. Further, the Court agrees with Respondent that Petitioner's arguments to the contrary essentially ask the Court to reweigh the evidence. See Dkt. # 13 at 26. This the Court may not do. See Johnson, 132 S. Ct. at 2065 ("[T]he only question under *Jackson* is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality."); Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993) (noting that Jackson standard "requires [the reviewing court] to accept the jury's resolution of the evidence as long as it is within the bounds of reason" (quoting United States v. Davis, 965 F.2d 804, 811 (10th Cir. 1992))).

Giving proper deference to the jury's finding of guilt and the OCCA's determination as to the rationality of that finding, the Court concludes that Petitioner has failed to demonstrate that the OCCA unreasonably applied Jackson to the facts of his case. Thus, the Court denies habeas relief on Ground 5.

*CONCLUSION*

After carefully considering Petitioner's arguments and reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. Therefore, the Court denies his petition for writ of habeas corpus.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court has rejected a petitioner's constitutional claims on the merits, the applicant must make this showing by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated in the analysis section of this opinion, the Court finds that Petitioner has not made the requisite showing. The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of the Court shall note the substitution of Mike Holt, Warden, in place of Joe Allbaugh, Interim Director, as party respondent.

2. The requests for evidentiary hearing (see Dkt. ## 3, 17) are **denied**.

3. The petition for a writ of habeas corpus (Dkt. # 1) is **denied.**

4. A certificate of appealability is **denied**.

5. A separate Judgment shall be entered in this case.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to send a copy of this Opinion and Order forthwith to the Tenth Circuit in connection with Tenth Circuit Case No. 17-5100.

**DATED** this 12th day of October, 2017.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE